# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Linda Craft Johnson, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **WITH JURY TRIAL DEMAND** |
| Equifax Information Services, LLC and SCA Collections-Greenville, N.C., Inc. | |
| Defendants. | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, and failures to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1. Plaintiff, Linda Craft Johnson, is natural person who resides in Barbour County, Alabama.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, SCA Collections-Greenville, N.C., Inc. (hereinafter "SCA") a North Carolina corporation that does business in Georgia.

5. Defendant SCA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

6. Defendant SCA uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia and has its registered agent located in Fulton County, Georgia.

8. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Georgia Fair Business Practices Act O.C.G.A. § 10-1-393, jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. On May 30, 2014, the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 14-60459. Plaintiff's bankruptcy case is currently pending and her reorganization plan has been confirmed.

12. Among the debts scheduled in Plaintiff's bankruptcy case is a debt being collected by Defendant SCA.

13. The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Defendant SCA was served with notice of the Plaintiff's bankruptcy case and its inclusion as a creditor on June 4, 2014. See, Exhibit A attached.

15. On or about August 10, 2014 Plaintiff's reorganization Plan as filed in her Chapter 13 bankruptcy case was confirmed fixing the rights and obligations of the Plaintiff and her creditors.

16. The Order of Confirmation of Plaintiff's Plan was served upon Defendant SCA on August 10, 2014. See Exhibit B attached.

17. On or about November 17, 2015, Plaintiff obtained a copy of her consumer report as published by Defendant Equifax. Exhibit C attached

18. Defendant noted on that report Plaintiff's alleged debt to Defendant SCA as being in active collection as opposed to included in Plaintiff's bankruptcy case.

19. Upon receiving notice of the Plaintiff's bankruptcy case and its inclusion as a creditor, SCA had an affirmative duty to update its credit reporting to all credit reporting agencies in accordance with 11 U.S.C. § 1681s-2(a).

20. As of November 17, 2015, Defendant SCA had failed to discharge its duty as described in the preceding paragraph, at least with regard to Defendant Equifax.

21. In letters dated January 19, 2016, Plaintiff disputed the inaccurate and misleading information directly to both Defendants and advised both Defendants of the specific facts that rendered the reporting inaccurate and

misleading. A true and correct copy of this letter is attached hereto as Exhibit D.

22. Upon information and belief, Defendant, in addition to Plaintiff's direct notice to Defendant SCA, Equifax timely notified Defendant SCA of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

23. In a document dated February 5, 2016 Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings. Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant portions of this document is attached as Exhibit E

24. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Defendants.

25. Defendant Equifax was required to communicate the specifics of Plaintiff's dispute to Defendant SCA. Likewise, Defendant SCA had a duty to investigate the dispute and accurately report its findings to Defendant Equifax.

26. SCA is responsible for providing accurate information whenever they furnish information to any consumer reporting agency.

27. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

28. Equifax had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant SCA.

29. Each and both of the Defendants, independently and jointly, breached their duties as described above.

30. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations of Plaintiff's disputes, the information in Plaintiff's credit file and the indication on Plaintiff's consumer reports that Plaintiff's alleged debt to Defendant SCA as being in active collection as opposed to included in Plaintiff's bankruptcy case was not appropriately deleted, modified, or marked as disputed.

31. Defendants' failure to correct or, at minimum, to mark the alleged debt as disputed in the face of clear evidence of a discharge indicates that their review procedures were not reasonable.

32. That failure further indicates that Defendants recklessly disregarded the Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

33. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

34. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress.

35. Defendant SCA's conduct, actions, and omissions have ramifications for the consuming public of Georgia.

36. As a result of Defendant SCA's actions and omissions, Plaintiff has suffered actual damages, including anxiety and stress triggered by the belief that her automatic stay is not being honored by a creditor and expenses incurred in enforcing her rights under the law.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681e(b) and 1681i
## (Equifax Information Services, LLC)

38. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39. Defendant Equifax willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, and the Plaintiff's dispute.

40. Defendant Equifax willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, or to mark the debt as disputed, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

41. As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress.

Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

42. Defendant Equifax's actions and omissions were willful, rendering Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (SCA Collections-Greenville, N.C., Inc.)

44. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45. Defendant SCA willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from Plaintiff and from one or more consumer reporting agencies, and by failing to appropriately report the results of their investigations, and by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, and the Plaintiff's dispute.

46. As a result of SCA's violations of § 1681s-2(b), Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

47. Defendant SCA's actions and omissions were willful, rendering SCA liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from Defendant SCA pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
(SCA Collections-Greenville, N.C., Inc.)**

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50. Defendant SCA's provision of false and/or misleading information in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

51. As a result of SCA's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

52. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant SCA $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.G.C.A. § 10-1-393(a)
### (SCA Collections-Greenville, N.C., Inc.)

53. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

55. Defendant SCA willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii), as set forth above.

56. The protections of the TCPA parallel and complement those under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

57. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the following subsection.

58. Defendant called Plaintiff repeatedly, without consent, for purposes of advertising and/or soliciting.

59. Defendant's actions unfairly interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

60. Upon information and belief, Defendant regularly uses repeated, unauthorized phone calls in its advertising and/or solicitation efforts.

61. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

62. As a result of Defendant SCA's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a), including consumption of "minutes" and emotional distress in managing the persistent calls.

63. Defendant SCA's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

64. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against SCA pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against SCA pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of March, 2016.

/s/ Matthew T. Berry
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com